PRESTON BERMAN
2600 Center St. NE
Salem, OR 97301-2669
Telephone: 503.947.2704

Plaintiff, appearing Pro Se

FILED 25th NOV '24 09:13 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **PRESTON BERMAN**, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**OREGON; OREGON STATE HOSPITAL; SARA WALKER**, in her official capacity as interim superintendent of the Oregon State Hospital; **SEJAL HATHI**, in her official capacity as Director of the Oregon Health Authority,<br><br>Defendants. | Case No: 6:24-cv-1968-MK<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

**INTRODUCTION**

1. Plaintiff Preston Berman respectfully submits this Memorandum in support of their Motion for a Temporary Restraining Order (TRO) to halt Defendants' policies and practices that violate both Title II of the Americans with Disabilities Act (ADA) and the Fourteenth Amendment's Due Process Clause. This motion is brought on behalf of Plaintiff and similarly situated individuals residing at Oregon State Hospital (OSH) who have been

PAGE 1 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

subjected to unnecessarily restrictive treatment conditions, segregated from community-integrated settings, and denied rehabilitative autonomy in violation of federal law.

2. Plaintiff's motion seeks immediate intervention to address these continued injustices, which not only compromise their autonomy and dignity but also violate Defendants' duty under the ADA and constitutional protections.

## LEGAL STANDARD

3. The Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of relief; (3) that the balance of equities tips in the Plaintiff's favor; and (4) that the requested relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff's motion meets each requirement, justifying the need for this extraordinary remedy.

## ARGUMENT

### Likelihood of Success on the Merits

a. **ADA Violations**

4. Under Title II of the ADA, public entities are required to provide services "in the most integrated setting appropriate" to individuals with disabilities, as mandated by 42 U.S.C. § 12132 and reinforced by the Supreme Court in *Olmstead v. L.C.*, 527 U.S. 581 (1999). Defendants have not only disregarded this requirement but actively implemented policies that increase segregation, impose restrictions beyond reasonable safety needs, and isolate residents within OSH's secure perimeter.

5. The closure of the Salem Cottage program(mid 2010's), the suspension of the Empowerment Center, and the restriction of community outings all contradict this integration mandate. By applying restrictive measures that limit community-based activities and the opportunity to build self-sufficiency, Defendants directly contravene both the spirit and letter of the ADA.

    b. **Fourteenth Amendment Violations**

6. The Due Process Clause of the Fourteenth Amendment protects residents from arbitrary confinement and excessive institutional restrictions. Federal courts consistently uphold that the State has a duty to provide rehabilitative care in the least restrictive environment that aligns with each resident's needs. OSH's increasingly restrictive measures—including lockdowns, overbroad security restrictions, and removal of basic personal freedoms—fail to balance institutional safety with individualized care and rehabilitation. This failure amounts to an arbitrary and punitive approach that violates substantive Due Process protections, denying Plaintiff and similarly situated individuals their fundamental rights.

### Irreparable Harm

    a. **Loss of Autonomy and Rehabilitation Opportunities**

7. Immediate and irreparable harm results from Defendants' denial of rehabilitative settings and practices conducive to autonomy. With each additional day in restrictive confinement, Plaintiff and others similarly situated lose critical rehabilitation opportunities and suffer increased dependency, making community reintegration substantially harder. Deprivation of constitutional rights, particularly those tied to autonomy and liberty, constitutes irreparable harm that cannot be remedied with damages. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

### b. Psychological Impact and Deprivation of Fundamental Rights

8. Plaintiff and similarly situated individuals are experiencing detrimental mental health effects due to these policies, which effectively prolong dependency, reinforce social isolation, and erode their sense of self-efficacy. The extreme transition from community-oriented settings like the Salem Cottage programs and previous SRTF rules to high-security, restrictive confinement has caused considerable emotional and psychological strain, with long-lasting effects that extend beyond OSH's secure perimeter. This environment obstructs recovery, delays reintegration, and compounds the trauma of indefinite institutionalization.

### Balance of Equities

9. The equities clearly favor Plaintiff and similarly situated individuals. Defendants' interest in institutional safety does not require the extreme measures currently imposed, nor does it outweigh the harm caused to residents. The requested TRO does not demand the elimination of all security protocols but rather ensures that these protocols are proportional, evidence-based, and conducive to therapeutic care. OSH's existing policies impose unjustified restrictions that exceed necessary safeguards and undermine the rehabilitation mission, necessitating immediate intervention.

### Public Interest

10. Issuing a TRO is in the public interest because it aligns with the ADA's mandate for equal treatment and integration of individuals with disabilities and reinforces constitutional protections. Federal law prioritizes autonomy, community integration, and dignity for

individuals with disabilities—values that serve the public interest by fostering humane and lawful treatment in public institutions.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this Motion for a Temporary Restraining Order. Such relief is necessary to prevent further harm to Plaintiff and similarly situated individuals and to ensure that Defendants' practices align with both federal law and the fundamental rights of those under their care.

DATED: November 18, 2024.

Respectfully submitted,

s/ *Preston Berman*
PRESTON BERMAN
2600 Center St. NE
Salem, OR 97301-2669
Telephone: (503) 947-2704

Plaintiff, appearing Pro Se