DAN RAYFIELD
Attorney General
THOMAS H. CASTELLI  #226448
Senior Assistant Attorney General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  thomas.castelli@doj.oregon.gov
        jill.conbere@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PRESTON BERMAN, on behalf of themselves and a class of those similarly situated, | Case No.  6:24-CV-01968-MK |
| Plaintiffs, | DEFENDANTS' ANSWER |
| v. | |
| OREGON; OREGON STATE HOSPITAL; SARA WALKER, in her official capacity as interim superintendent of the Oregon State Hospital; SEJAL HATHI, in her official capacity as Director of the Oregon Health Authority, | |
| Defendants. | |

Defendants State of Oregon, Oregon State Hospital (OSH); Dr. Sara Walker, in her

official capacity as interim superintendent of OSH, and Dr. Sejal Hathi, in her official capacity as

Director of the Oregon Health Authority (OHA), respond to the allegations made by Plaintiff

Preston Berman in his complaint.

Page 1 -   DEFENDANTS' ANSWER

## JURIDICTION

### 1.

Defendants admit that the Court has jurisdiction over this action. The remaining allegations in paragraph 1 state legal conclusions to which no response is required.

## VENUE

### 2.

Defendants admit that venue is proper in this court.

## PARTIES

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

### 4.

Defendants admit that the State of Oregon is a public entity. The remaining allegations in paragraph 4 are legal conclusions to which no response is required.

### 5.

Defendants admit that OSH is a public entity. The remaining allegations in paragraph 5 are legal conclusions to which no response is required.

### 6.

Defendants admit that Dr. Walker is the interim superintendent of OSH and that she is sued in her official capacity. Defendants deny the allegations of second and third sentence of paragraph 6 to the extent that they are inconsistent with the powers and duties as provided by Oregon law.  The last sentence of paragraph 6 states legal conclusions to which no response is required.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

7.

Defendants admit that Dr. Hathi is the director of OHA and that she is sued in her official capacity. Defendants deny the allegations of second and third sentence of paragraph 7 to the extent that they are inconsistent with the powers and duties as provided by Oregon law. The last sentence of paragraph 7 states legal conclusions to which no response is required.

## FACTUAL BACKGROUND

8.

Defendants admit that Plaintiff has been under the jurisdiction of the PSRB since 2010 following a finding of GEI and that he has resided at OSH since 2021 with prior residencies from approximately 2010 to 2015 and 2019 to 2020. Defendants admit that while in residence with OSP that Plaintiff was monitored and received mental health care. Defendants lack information sufficient to admit or deny the remaining allegations of paragraph.

9.

Defendants admit that sometime in 2015, Plaintiff was housed in a cottage located on the OSH Salem campus, which was an unlocked, on-grounds residence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 concerning Plaintiff's experiences during his time in the cottages. Defendants deny any remaining allegations.

10.

Defendants admit that OSH has a secure perimeter and follows protocols which influence the daily activities of patients but deny the remaining allegations in paragraph 10.

11.

Defendants admit that OSH, as a secured residential treatment facility and hospital, has rules for patients that may affect aspects of daily life while residing in the facilities, including engagement in activities with the community. Defendants admit that those rules include limiting the amount of food a patient is allowed to store in their room and limiting personal possession of

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

certain electronic devices and internet access.  The remaining allegations are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

12.

Defendants admit that changes in the past two years have included a phase-out of patient access to cash and the introduction of a point-of-sale system which patients may use to purchase pre-approved goods.  The remaining allegations are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

13.

The allegations in paragraph 13 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## **INTRODUCTION**

14.

Defendants lack information sufficient to admit or deny the allegations in the first clause of paragraph 14. Defendants deny the remaining allegations.

15.

Defendants admit that Plaintiff's complaint does not seek compensatory or other monetary damages. Defendants deny that Plaintiff is entitled to any relief requested in the paragraph and deny any remaining allegations.

16.

Defendants admit the allegations in the first sentence. Defendants admit that Plaintiff was permitted to live in a cottage on the OSH Salem campus, which was an unlocked, on-grounds residence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's experiences during his time in the cottages. The remaining allegations state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

17.

Defendants deny the allegations in the first and second sentences of paragraph 17. Defendants admit that OSH allows residents to attended 12 step and recovery group programing in the community but denies that this is no longer allowed. Defendants admit that, for security reasons, visits with patients in Hospital Level of Care (HLOC) are non-contact visits, conducted through a clear plastic or glass divider. Defendants admit that patient mail may be opened and searched for contraband. Defendants admit that, for security reasons, patients are limited in their access to cash and have access to a cash card to allow them to make purchases.

18.

Defendants deny that the Empowerment Center has been placed on indefinite hold or has been closed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 regarding Plaintiffs' experiences at the Empowerment Center. The remaining allegations are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

19.

Defendants deny that all protocols in place for HLOC patients apply to Secure Residential Treatment Facility (SRTF) patients. The remaining allegations in paragraph 19 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

20.

The allegations in paragraph 20 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

21.

The allegations in paragraph 21 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

22.

The allegations in paragraph 22 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

23.

The allegations in the first sentence and in the first and second clause of the second sentence characterize the content of Plaintiff's Exhibit 1, which speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. The remaining allegations state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

24.

Defendants deny that they are responsible or have any input into the background check attached as Exhibit 2. The remaining allegations state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

25.

The allegations in paragraph 25 are Plaintiff's opinion of the historical operations of OSH for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the basis of the opinion. Defendants admit that OSH provides patient-centered, psychiatric treatment for adults from throughout the state who need hospital-level care. The hospital's primary goal is to help people recover from their illness and return to the community. Services include psychiatric evaluation, diagnosis, and treatment, as well as community outreach and peer support.

26.

The allegations in paragraph 26 are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

Page 6 -   DEFENDANTS' ANSWER

27.

Defendants admit that OSH has instituted policies restricting "sharps" and "ligature" for patient and staff safety. The remaining allegations in paragraph 27 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

28.

The allegations in the first and last two sentences of paragraph 28 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit that in June 2023 there was a temporary pause to co-mingling as outlined in Exhibit 6, which lasted approximately two weeks. Defendants deny the remaining allegations.

29.

Defendants admit that in September 2024 there was an incident involving soap purchased through the OSH approved vendor which led to concerns of the introduction of contraband and resulted in restrictions, searches, and drug testing to confirm that illegal substances were not present. Remaining allegations state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

30.

Defendants admit that an incident occurred where a pottery tool, which is categorized as a "sharp," was missing and that a search and lockdown was put in place until the tool could be located, which temporarily disrupted normal activities. Defendants deny that the tool was found "where it was supposed to be." The remaining allegations in paragraph 30 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

31.

The allegations in paragraph 31 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

32.

Defendants admit that Dr. Goetz initiated a project known as the "Culture of Safety" which focused on person-centered care. The remaining allegations in paragraph 32 are Plaintiff's opinion of the Culture of Safety Project for which Defendants are without knowledge or information sufficient to form a belief as to the truth of the basis of the opinion.

33.

Defendants admit the allegations in the first sentence of paragraph 33. Defendants admit that, in response to "sharps" incidents, staff work areas are also searched to "sharps" removed. The allegations in the second and third sentences and final clause of the fourth sentence state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

34.

The allegations in paragraph 34 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

<u>**STATUTORY AND REGULATORY BACKGROUND**</u>
<u>**JUSTICE DEPARTMENT'S ADA INVESTIGATION IN MICHIGAN PROVIDE**</u>
<u>**RELEVANT PRECEDENT**</u>

35.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the quotation in paragraph 35. To the extent that the quoted

Page 8 -    DEFENDANTS' ANSWER

language characterizes the contents of a document, that document speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. The remaining allegations state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

37.

The allegations in paragraph 37 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## LEGAL DISTINCTION OF GEI ADJUDICATION UNDER OREGON LAW

38.

The allegations in paragraph 38 state legal conclusions and are argumentative, to which no response is required. The allegation further characterized the content of the Oregon Revised Statutes, which speak for themselves and are the best evidence of their contents, and Defendant deny any inconsistent allegations. To the extent a response is required, Defendants deny the allegations.

39.

The allegations in paragraph 39 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

40.

The allegations in paragraph 40 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.

Defendants deny being involved in any reporting of GEI status to companies performing background checks, employers, or those making housing decisions. The remaining allegations in paragraph 41 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

42.

The allegations in paragraph 42 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## ELEVENTH AMENDMENT

43.

The allegations in paragraph 43 state legal conclusions, to which no response is required.

44.

The allegations in paragraph 44 state legal conclusions, to which no response is required.

45.

The allegations in paragraph 45 state legal conclusions, to which no response is required.

46.

The allegations in paragraph 46 state legal conclusions, to which no response is required.

47.

The allegations in paragraph 47 state legal conclusions, to which no response is required.

48.

The allegations in paragraph 48 state legal conclusions, to which no response is required.

## The Americans with Disabilities Act and Olmstead v. L.C., 527 U.S. 581 (1999)

49.

The allegations in paragraph 49 state legal conclusions, to which no response is required.

50.

The allegations of paragraph 50 quote from and characterize the contents of the ADA, which speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. Defendants deny any remaining allegations.

Page 10 -  DEFENDANTS' ANSWER

51.

The allegations of paragraph 51 quote from and characterize the contents of the ADA, which speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. Defendants deny any remaining allegations.

52.

The allegations of paragraph 52 quote from and characterize the contents of the reference speech, which speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. Defendants deny any remaining allegations.

53.

The allegations in paragraph 53 state legal conclusions, to which no response is required.

54.

The allegations in paragraph 54 state legal conclusions, to which no response is required.

55.

The allegations of paragraph 55 quote from and characterize the contents of the cited

regulation, which speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. Defendants deny any remaining allegations.

56.

The allegations of paragraph 56 quote from and characterize the contents of the cited regulation, which speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistent allegations. Defendants deny any remaining allegations.

57.

The allegations in paragraph 57 state legal conclusions, to which no response is required.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

58.

The allegations of paragraph 58 quote from and characterize the contents of the cited

case, which speaks for itself and is the best evidence of its contents, and Defendants deny any

inconsistent allegations. Defendants deny any remaining allegations.

59.

The allegations in paragraph 59 state legal conclusions, to which no response is required.

**<u>Application of the ADA and Olmstead to Day Activity Services</u>**

60.

The allegations in the first sentence of paragraph 40 state legal conclusions, to which no

response is required. The remaining allegations quote from and characterize the contents of the

cited regulation, which speaks for itself and is the best evidence of its contents, and Defendants

deny any inconsistent allegations. Defendants deny any remaining allegations.

61.

Defendants admit some programing and activities are exclusively for patients and are

conducted within OSH's secure facility. Defendants admit that a patient's access to video game

consoles is limited as part of the "sharps" policies. Defendants deny the remaining allegations in

paragraph 61.

62.

Defendants admit that in December 2016 or January 2017 OSH officially ended the

Salem Cottage program and that restrictions are in place related to the possession certain items,

use of certain technology, and personal snack storage. Defendants deny the remaining allegations

in paragraph 62.

63.

Defendant denies the allegations in paragraph 63.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FACTUAL ALLEGATIONS

64.

Defendants admit that OSH once maintained the Salem Cottage program. The remaining allegations in paragraph 64 state are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

65.

Defendants admit that, in the past, patients in SRTF were sometimes allowed to possess game consoles, televisions, and computers with internet access in their rooms and were allowed to purchase items at stores like Walmart. Defendants admit current policies prohibit access to game consoles, televisions, and computers with internet access in patient rooms and patients are not allowed to purchase items from stores like Walmart. Defendants deny the remaining allegations in paragraph 65.

66.

Defendants admit that OSH has instituted policies to address concerns including patient and staff safety, the introduction of contraband, and the risk of patient elopement. Defendants deny the remaining allegations in paragraph 66.

67.

Defendants deny the allegations of paragraph 67.

68.

Defendants deny the allegations of paragraph 68.

69.

Defendants deny the allegations of paragraph 69.

70.

Defendants admit that doe some HLOC until, filtered water and laundry facilities may be behind a locked door which requires staff to open them for a patient. Television channels are

Page 13 -  DEFENDANTS' ANSWER

usually changed by staff to a channel agreed on by patients. Defendants deny the remaining allegations of paragraph 70.

71.

Defendants admit that, due to sanitary concerns, personal storage for snack is limited. Defendants deny the remaining allegations of paragraph 71.

72.

Defendants admit that in the past residents were allowed to purchase items in the community and that now residents must use the OSH market or work with OSH staff to order needed items. The remaining allegations of paragraph 72 characterize the contents of the cited rule, which speaks for itself and is the best evidence of their contents, and Respondents deny any inconsistent allegations.

73.

Defendants deny the allegations in paragraph 73.

74.

The allegations in paragraph 74 state legal conclusions and are argumentative, to which no response is required. To the extent a response is required, Defendants deny the allegations.

75.

Defendants admit that current policies restrict residents' access to computers, cell phones, and internet access. Access to technology in support education spaces is scheduled.  Defendants deny any remaining allegations in paragraph 75.

76.

Defendants admit that phones available for patient use are located in hallways or near chart rooms in the units. Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's allegations that other residents answer the phone, hang-up on calls, or leave the phone off the hook. Defendants deny any remaining allegations in paragraph 76.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

77.

Defendants admit that OSH policies restrict the use and possession of "smart phones." Defendants deny the remaining allegations in paragraph 77.

78.

Defendants admit that OSH policies restrict internet access for residents. Defendants deny the remaining allegations in paragraph 78.

79.

Defendants admit that OSH policies prohibit residents from receiving packages from family and friends with some exceptions and that items can be ordered through the OSH Market. Defendants admit that prior to instituting these policies, residents were allowed to receive packages from other vendors and individuals, which resulted in contraband being introduced into the facility. Defendants deny the remaining allegations in paragraph 79.

80.

Defendants deny the allegation in paragraph 80.

81.

Defendants deny the allegations in the first sentence of paragraph 81. The allegations in the first clause of second sentence state legal conclusions and are argumentative, to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

82.

The allegations in the last sentence of paragraph 82 state legal conclusions and are argumentative, to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

83.

Defendants deny the allegations in the sentence of paragraph 83. IN response to the subparts of paragraph 83, Defendants answer as follows:

Page 15 -  DEFENDANTS' ANSWER

Defendants admit that residents are required to use the cash card instead of cash. Defendants deny the remaining allegations of paragraph 83(a).

Defendants admit that OSH officially ended the Salem Cottage program sometime in December 2016 or January 2017. Defendants deny the remaining allegations of paragraph 83(b).

Defendants deny the allegations of paragraph 83(c).

Defendants admit that current OSH policies restrict access to technology, including computers, TVs, standalone DVD players in rooms, personal cell phones, and portable DVD players. Defendants deny the remaining allegations of paragraph 83(d).

Defendants admit that residents cannot use large storage bins for food and deny the remaining allegations of paragraph 83(e).

Defendants admit that one on one on-grounds visits are restricted. Defendants deny the remaining allegations of paragraph 83(f).

Defendants admit that pat-downs for contraband occur when entering and exiting the secure perimeter. Defendants deny the remaining allegations of paragraph 83(g).

Defendants admit that Sally Port 2 is used for outings and that Sally Port 5 can be used with authorization. Defendants deny the remaining allegations in paragraph 83(h)

Defendants admit that during the Covid-19 pandemic collaborations between programs was limited to contain infection risk and that current policies limit collaboration events, like visits to the Treatment Mall, to three units at a time. Defendants deny the remaining allegations of paragraph 83(i).

Defendants admit that current policies require additional staff of on and off grounds activities. Defendants deny the remaining allegations in the last sentence of paragraph 83(j)

Defendants admit that, due to ligature risk, current policies restrict possession of belts, shoelaces, clothing hangers, personal TVs, clocks/radios with cords, and other personal belongings. Defendants deny the allegations in the last sentence of paragraph 83(k)

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Defendants admit that GEI patients were transferred to SRTF units in Junction City in 2022 which allowed .370 patients in HLOC in Salem who were eligible to fill SRTF vacancies in Salem. Defendants deny the remaining allegations of paragraph 83(l).

Defendants admit that outdoor spaces were temporarily limited, partly by outdoor air quality and partly by work to install anti-elopement structures in the quads and plazas. Defendants deny any remaining allegations in paragraph 83(m).

Defendants admit that, when warranted, in-person visitation has been suspended. Defendants deny any remaining allegations in paragraph 83(n).

Defendants admit that patient pay jobs have been reduced die to budget restraints. Defendants deny the remaining allegations of paragraph 83(o).

Defendants admit that condoms are currently not provided to residents. Defendants deny any remaining allegations in paragraph 83(p).

Defendants admit that some furniture has been removed from unit common areas but denies any remaining allegations in paragraph 83(q)

Defendants deny that "bathing" requires supervision as patients have access to showers in their rooms. Defendants admit that most "tub rooms" were closed years ago due to safety concerns that that use of the remaining "tub room" requires supervision from two staff members. Defendants deny any remaining allegations in paragraph 83(r).

Defendants admit that salons were temporarily closed pending approval of a sharps management plan. Defendants deny the remaining allegations in paragraph 83(s).

Defendants admit that painting activities were temporarily suspended pending review and approval of the sharps management plan. Defendants admit that that pottery activities currently suspending pending the establishment of new protocols and tool requirements. Defendants deny the remaining allegations in paragraph 83(t).

Defendants admit that current policies restrict access to certain pens and belts. Defendants deny any remaining allegations in paragraph 83(u).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Defendants admit that tables and chairs were removed from the quads. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83(v) concerning the number of requests for bolted down picnic tables. Defendants deny the remaining allegations.

Defendants deny the allegations in paragraph 83(w).

Defendants admit that current policies have redefined that constitutes a "sharp" and that those items are restricted. Defendants deny any remaining allegations in paragraph 83(x).

Defendants admit that only certain qualified staff may lead any outing. Defendants deny the remaining allegations of paragraph 83(y).

Defendants admit that special accommodations or exceptions from security searches are authorized by Risk Review. Defendants deny the remaining allegations of paragraph 83(z).

84.

Defendants deny the allegations in paragraph 84.

## Count I

## VIOLATION OF TITLE II OF AMERICANS WITH DISABILITIES ACT ( 42 U.S.C. § 12131 et seq.)

85.

In response to paragraph 85, Defendants incorporate their responses to paragraphs 1 through 84.

86.

The allegations in paragraph 86 state legal conclusions and are argumentative, to which no response is required.

87.

The allegations in paragraph 87 state legal conclusions and are argumentative, to which no response is required.

Page 18 -  DEFENDANTS' ANSWER

88.

The allegations in paragraph 88 state legal conclusions and are argumentative, to which no response is required.

89.

Defendants deny the allegations in paragraph 89.

90.

Defendants deny the allegations in paragraph 90.

91.

Defendants deny the allegations in paragraph 91.

92.

Defendants deny the allegations in paragraph 92.

93.

Defendants deny the allegations in paragraph 93.

**COUNT II**
**VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

94.

In response to paragraph 94, Defendants incorporate their responses to paragraphs 1 through 93.

95.

The allegations in paragraph 95 state legal conclusions and are argumentative, to which no response is required.

96.

The allegations in paragraph 96 state legal conclusions and are argumentative, to which no response is required.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

97.

The allegations in paragraph 97 state legal conclusions and are argumentative, to which no response is required.

98.

Defendants deny the allegations in paragraph 98.

99.

Defendants deny the allegations in paragraph 99.

100.

Defendants deny the allegations in paragraph 100.

101.

Defendants deny the allegations in paragraph 101.

102.

Defendants deny the allegations in paragraph 102.

103.

Defendants deny that Plaintiff is entitled to the relief requested in his prayer for relief.

104.

Defendants deny any remaining allegations in the complaint not specifically addressed above.

## AFFIRMATIVE AND OTHER DEFENSES

### Frist Affirmative Defense — Objective Basis for Decisions

105.

Defendants had valid, legitimate, objectively reasonable, and non-discriminatory reasons for all actions taken regarding the rules and policies governing patients, including Plaintiff, in residence at OSH, and such actions were not based upon any improper motive or taken for any improper purpose.

Page 20 -  DEFENDANTS' ANSWER

**Second Affirmative Defense — Failure to Exhaust Administrative Remedies**

106.

Some or all of Plaintiff's claim may be barred due to his failure to exhaust his administrative remedies.

**Third Affirmative Defense — Unclean Hands**

Some or all of Plaintiff's request for equitable relief may be barred because some or all of the harm complained of by Plaintiff is the result of the Plaintiff's own actions, inactions, or refusal to participate in the activities or accept placement in SRTF.

**Fourth Affirmative Defense — Fundamental Alteration/Undue Burden**

107.

Some or all of the relief request by Plaintiff would result in a fundamental alternation of the nature of the service or program provided by the State and/or cause undue financial and administrative burdens.

**Fifth Affirmative Defense — Statute of Limitations/Laches**

108.

Some or all of the specific incidents that form the basis of Plaintiff's claims may be barred by the applicable statute of limitations or the doctrine of laches.

**Sixth Affirmative Defense — Sovereign Immunity**

109.

Defendants assert sovereign immunity to some, or all, of the claims raised by plaintiff.

110.

Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

Page 21 -  DEFENDANTS' ANSWER

WHEREFORE, Defendants ask the Court to dismiss the complaint, award costs, expenses, and fees as allowed by law, and for such other and further relief as the Court deems just and proper.

DATED January 23, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General

_s/ Thomas H. Castelli_
THOMAS H. CASTELLI #226448
Senior Assistant Attorney General
JILL CONBERE #193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
thomas.castelli@doj.oregon.gov
jill.conbere@doj.oregon.gov
Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on January 23 , 2025, I served the foregoing **DEFENDANTS' ANSWER**

upon the parties hereto by the method indicated below, and addressed to the following:

Preston Berman                              ___ HAND DELIVERY
2600 Center St. NE                      X   MAIL DELIVERY
Salem, OR   97301                           ___ OVERNIGHT MAIL
        *Pro Se Plaintiff*                  ___ TELECOPY (FAX)
                                            ___ E-MAIL
                                            ___ E-SERVE


                                    *s/ Thomas H. Castelli*
                                    THOMAS H. CASTELLI #226448
                                    Senior Assistant Attorney General
                                    JILL CONBERE #193430
                                    Assistant Attorney General
                                    Trial Attorneys
                                    Tel (971) 673-1880
                                    Fax (971) 673-5000
                                    thomas.castelli@doj.oregon.gov
                                    jill.conbere@doj.oregon.gov
                                    Of Attorneys for Defendants


BC (L189618-01)
Page 1 -   CERTIFICATE OF SERVICE
        TC3/nk1/Berman 1968 CERT Certificate of Service